STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone:  (775) 786-7600
E-Mail: steve@harrislawreno.com
Proposed Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

*****

IN RE:

MECHANICAL TECHNOLOGIES CORP. dba ALPINE AIR,

                Debtor.

_____/

CASE NO. 19-51146-btb
(Chapter 11)

**EX PARTE APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY BANKRUPTCY ATTORNEYS UNDER A GENERAL RETAINER *NUNC PRO TUNC* TO SEPTEMBER 26, 2019 [HARRIS LAW PRACTICE LLC]**

**Hrg. Date:  N/A**
**Hrg. Time:  N/A**

MECHANICAL TECHNOLOGIES CORP. dba ALPINE AIR, a Nevada corporation (hereinafter "Debtor"), by and through its proposed attorneys, STEPHEN R. HARRIS, ESQ., of HARRIS LAW PRACTICE LLC, hereby files its EX PARTE APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY BANKRUPTCY ATTORNEYS UNDER A GENERAL RETAINER *NUNC PRO TUNC* TO SEPTEMBER 26, 2019 [HARRIS LAW PRACTICE LLC], to act as its general bankruptcy counsel, and represents and states as follows:

1.      Debtor filed a voluntary Chapter 11 Petition on September 26, 2019.

2.      No trustee has been appointed and Debtor acts as Debtor-in-Possession herein. Debtor is not sufficiently familiar with the rights and duties of debtor-in-possession as to be able to plan and conduct proceedings without the aid of competent counsel.  Specifically, the retention

of attorneys is necessary in connection with the following matters:

(a)  the examination and preparation of records and reports as required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules;

(b) the preparations of applications and proposed orders to be submitted to the Court;

(c) the identification and prosecution of claims and causes of action assertable by Applicant on behalf of the estate herein;

(d) the examination of proofs of claim anticipated to be filed herein and the possible prosecution of objections to certain of such claims;

(e) advising the Debtor and preparing documents in connection with the contemplated ongoing operation of the Debtor's business, if any;

(f) assisting and advising the Debtor in performing other official functions as set forth in Section 521, et seq., of the Bankruptcy Code; and

(g) advising and preparing a Plan of Reorganization, Disclosure Statement, and related documents, and confirmation of said Plan, as provided in Section 1101, et seq., of the Bankruptcy Code.

3.      The Debtor has conferred with, and now desires to retain and employ, STEPHEN R. HARRIS, ESQ., and his law firm of HARRIS LAW PRACTICE LLC, as its bankruptcy attorneys under a general retainer to perform all the above-described legal services necessary and desirable in the administration and reorganization of this estate, pursuant to 11 U.S.C. §327(a).

4.      The Debtor has selected as its attorneys STEPHEN R. HARRIS, ESQ., and the law firm of HARRIS LAW PRACTICE LLC because of the extensive experience and knowledge of the firm's members in the field of bankruptcy, reorganization, and debtor's and creditors' rights. Accordingly, the Debtor believes that these attorneys are well qualified to represent it in this Chapter 11 reorganization case.

5.      It is necessary and essential that the Debtor employ the attorneys under a general retainer based on time and standard billable charges. An advance retainer of $10,000.00 was paid by the Debtor.   The law firm shall be paid for its normal actual time charges and disbursements, with all fees and costs, subject to approval by the Court.  Debtor has agreed that HARRIS LAW

1   PRACTICE LLC be compensated for services at the following rates: Stephen R. Harris'
2   customary rate is $450.00 per hour, and paraprofessional services at $150.00 to $250.00 per hour,
3   depending on the expertise and skill of the paraprofessional.  The compensation is authorized by
4   11 U.S.C. §§ 328(a) and 331.

5       6.  These hourly rates are subject to periodic adjustments to reflect economic and other
6   conditions, and on occasion, to reflect each attorney's or paraprofessional's increased experience
7   and expertise in the area of bankruptcy law.  This basis of compensation is expressly authorized
8   pursuant to Sections 328(a), 330 and 331 of the Bankruptcy Code.

9       7.      STEPHEN R. HARRIS, ESQ., and his law firm of HARRIS LAW PRACTICE
10  LLC has indicated its willingness to act on the Debtor's behalf and to be compensated in
11  accordance with the terms and conditions set forth in Paragraph 5 herein, and as set forth in the
12  parties' retainer agreement attached hereto and incorporated herein as **Exhibit "A"**.

13      8.      To the best of Applicant's knowledge, STEPHEN R. HARRIS, ESQ., of the firm
14  of HARRIS LAW PRACTICE LLC, does not have any connection with the Debtor, its creditors
15  or any other party in interest, or their respective attorneys or accountants, the United States
16  Trustee, or any person in the office of the United States Trustee.  STEPHEN R. HARRIS, ESQ.,
17  and HARRIS LAW PRACTICE LLC represent no interest adverse to the estate.

18      **WHEREFORE,** Debtor requests the entry of an order authorizing it to employ and retain
19  STEPHEN R. HARRIS, ESQ., and the law firm of HARRIS LAW PRACTICE LLC, pursuant to
20  and under a general retainer on the terms and conditions recited above, to represent it in this
21  Chapter 11 case as general bankruptcy counsel pursuant to 11 U.S.C. §327(a) *nunc pro tunc* to
22  September 26, 2019, and for such other and further relief as the Court deems just under the
23  circumstances.

24      Dated this 9th day of October, 2019.

25                                      HARRIS LAW PRACTICE LLC

26

27                                      _____
                                        STEPHEN R. HARRIS, ESQ.
28                                      Proposed Attorneys for Debtor

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, NV 89511

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

Stephen R. Harris, Esq.
Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, NV 89511

4

# HARRIS LAW PRACTICE LLC
## ATTORNEY AND COUNSELOR AT LAW
### STEPHEN R. HARRIS, ESQ.
6151 LAKESIDE DRIVE, SUITE 2100
RENO, NEVADA 89511
(775) 786-7600
steve@harrislawreno.com

September 6, 2019

*Via Email*
Mechanical Technologies Corp.,
a Nevada corporation, dba Alpine Air
Attn: John F. Donovan, President
1020 S. Rock Blvd., Suite G
Reno, NV 89502

     **Re:    Mechanical Technologies Corp. dba Alpine Air. -  Chapter 11 reorganization proceeding**

Dear Mr. Donovan:

    You have requested that STEPHEN R. HARRIS, ESQ., of HARRIS LAW PRACTICE LLC, represent Mechanical Technologies Corp., a Nevada corporation dba Alpine Air, in a Chapter 11 reorganization proceeding to be filed in the United States Bankruptcy Court for the District of Nevada (Reno, Nevada).  Pursuant to your request, this letter is to set forth the nature of our compensation, the scope of our legal representation, to describe to you our law firm's billing practices, and those things which will need to be done in the Chapter 11 context.

    Specifically, the legal services already rendered and to be rendered by this law firm are as follows:

1.    With respect to the voluntary petition which I will prepare and will be filing, a certified copy should be recorded in the County of Washoe, State of Nevada. Additionally, I would suggest that we deliver a copy of the voluntary petition to any title company which is currently scheduled to conduct any pending foreclosure action(s), if any.

2.    We must file an alphabetical list of creditors, which includes unsecured as well as secured creditors.  We will also file an alphabetical list of equity security holders (shareholder).

3.    From the list of creditors, we must file what is commonly referred to as a mailing matrix or mailing list, which is a mailing label list of creditors who are to receive notice of the bankruptcy petition filing and who will receive from the Bankruptcy Court a notice of hearing of a first meeting of creditors held in accordance with 11 U.S.C. §341.

Mechanical Technologies Corp. dba Alpine Air
September 6, 2019
Page 2

4.   Finally, we will prepare and file an alphabetical list of the 20 largest unsecured creditors, excluding insiders, which the Bankruptcy Court will use to solicit participants for a committee of unsecured creditors. You will pay for attorneys' fees and costs incurred by the duly appointed attorney for the Unsecured Creditors' Committee, after notice and a hearing on a request to be paid.

Additionally, we request that by executing the enclosed copy of this letter, you empower our law firm to take all steps in your case deemed by us to be advisable, including any steps needed to effect any compromise which may be in the best interests of the estate and to institute such legal proceedings as may be in your best interests.

In consideration of our rendering these legal services, MECHANICAL TECHNOLOGIES CORP. dba ALPINE AIR has tendered to this law firm an advance retainer of Ten Thousand Dollars ($10,000.00). For your information, legal services rendered on behalf of MECHANICAL TECHNOLOGIES CORP. dba ALPINE AIR ("Debtor") will be billed and charged against the retainer at an hourly rate of $450.00 per hour for Stephen R. Harris, Esq., and $150.00 to $250.00 per hour for paraprofessional services, depending on each paraprofessional's experience, plus reimbursement of reasonable and necessary costs and out-of-pocket expenses, such as photocopy costs, court filing fees, process server fees, conference call telephone charges, mail charges, charges for computerized legal research, telecopying, and overnight courier services. MECHANICAL TECHNOLOGIES CORP. dba ALPINE AIR has agreed to compensate STEPHEN R. HARRIS, ESQ., and members of his law firm HARRIS LAW PRACTICE LLC, on an hourly basis at the rates customarily charged by attorneys and legal assistants who render professional services on behalf of HARRIS LAW PRACTICE LLC.

You agree to deposit with my law firm's trust account the sum of Ten Thousand Dollars ($10,000.00) as payment of the advance retainer for said legal services and costs. This retainer shall be held in my law firm trust account and applied towards payment of my law firm's legal fees and costs upon filing of the voluntary petition for Chapter 11 relief for MECHANICAL TECHNOLOGIES CORP. dba ALPINE AIR. Any surplus will be held in my client trust account until approval of interim and/or final fee application by the Bankruptcy Court. In the interim period, HARRIS LAW PRACTICE LLC will provide monthly invoices to MECHANICAL TECHNOLOGIES CORP. dba ALPINE AIR, which invoices shall be due and payable by MECHANICAL TECHNOLOGIES CORP. dba ALPINE AIR within 30 days, although such payments shall also be deposited and held in our law firm trust account and only disbursed after approval by the Bankruptcy Court of our interim and/or final fee and cost applications. I estimate that the total legal fees and costs incurred by the firm in this bankruptcy reorganization case to be $50,000.00 to $150,000.00, or more, depending on the complexity of the legal issues and the problems encountered at the plan confirmation hearing with creditors, which legal fees and costs are to be billed to MECHANICAL TECHNOLOGIES CORP. dba ALPINE AIR.

Application for approval of fees and costs will need to be made to the Bankruptcy Court periodically, and we will also need to disclose our fee agreement to the Bankruptcy Court by the filing of a Disclosure Statement of Compensation under Federal Rule of Bankruptcy Procedure 2016(b).

While providing legal services on behalf of the trust, I am sure you realize that we must rely on your representations and statements as to facts and circumstances within your knowledge and the correctness of any and all documents delivered to the firm by you or your agents. Also, please know

Mechanical Technologies Corp. dba Alpine Air
September 6, 2019
Page 3

that we will utilize our best efforts in representing you.

You, or HARRIS LAW PRACTICE LLC may, of course, terminate the employment of the law firm at any time. Upon such termination, the firm will charge against and pay from the retainer its unpaid fees and expenses and refund the remainder of the retainer, if any, to you. Additionally, we reserve the right to withdraw from representation of a client where our fees and expenses are not paid in the normal course. We generally do not prepare a periodic statement of account, only monthly accounts. If you ever have any questions whatsoever regarding any aspect of your monthly bill, please call.

Our charges are not contingent upon the successful conclusion, but are charged without regard to the outcome. Accordingly, we will look solely to you for payment, and our charges will not be dependent or contingent upon payment by any other party.

Within fourteen (14) days following the filing of the petition, the Debtor is required to file with the Court, a Statement of Financial Affairs and Schedule of Assets and Liabilities. (See discussion below.) Also, it will be necessary to open new bank accounts reflecting that the maker of the checks is a debtor-in-possession. Alternatively, it is permissible to keep your existing account(s) and stamp all unused checks with a debtor-in-possession stamp, on condition that we provide the U.S. Trustee with a bank statement that shows an ending balance as of the date of the filing of the bankruptcy petition and a copy of the bank signature card indicating "Debtor-in-Possession." There should be a bank employee in the new accounts department who is familiar with this type of arrangement and should be able to help you.

In addition to the Schedules and Statements, there is a monthly operating report required to be filed with the Bankruptcy Court which will generally reflect the receipts and disbursements of the debtor-in-possession. It is my suggestion that the first monthly operating report be filed no later than the 20th day of the month. I would also request, rather than waiting until the 20th day of each month, that we try to submit the monthly operating reports no later than the 10th day of each month. In connection with this monthly accounting information, let me reiterate that it is extremely important that proper accounting controls and proper accounting records be maintained and prepared. Lack of proper accounting for receipts received during the pendency of the bankruptcy would be a prime reason for a creditor to request the appointment of a trustee and removal of the debtor-in-possession. I am sure you can understand that this is not something with which we need to contend.

One of the items necessary to be filed with the Bankruptcy Court in the early days is a copy of the insurance policy which covers the property(s) in question. Additionally, it is extremely important during the pendency of the bankruptcy that all taxes be maintained current, i.e., payroll taxes and any income taxes owed to the Internal Revenue Service. This includes any sales tax payments required by the State of Nevada. It is not critical that the property taxes be maintained current, although to the extent that they are not paid they become a priority lien against the property.

<u>THE SCHEDULES</u>

There are certain documents to be filed within fourteen (14) days of the filing of the bankruptcy. These are generally known as "the schedules" and consist of the Schedule of Assets and Liabilities and Statement of Financial Affairs. The Schedules must be filed with the Bankruptcy Court

Mechanical Technologies Corp. dba Alpine Air
September 6, 2019
Page 4

fourteen (14) days after the petition is filed.  <u>Failure to file schedules by the deadline will result in the case being dismissed by the Court without notice.</u>

## THE MONTHLY REPORT AND HIRING OF PROFESSIONALS

I have enclosed for you a copy of the monthly report form which is required by the Bankruptcy Court.  If you believe after inspection of the monthly report form that you will be able to generate it yourself, please let me know.  If you believe that it will be necessary to hire an accountant to take care of this for you, please let me know so I can apply to the Court for authorization to hire such an accountant.  The application for authorization to hire and pay an accountant is similar to that needed to retain an attorney.  Please do not hire or pay an accountant for either pre- or post-petition work until I obtain Court authorization.  In addition, as we have discussed, <u>do not pay any estate funds to this firm or any other law firm after the bankruptcy filing without prior Court authorization</u>, unless payments are made to that professional's trust account and disbursed to the general account only after receiving Court approval to make said transfer(s).

## THE TWO ACCOUNTS

You will be required to open two (2) separate bank accounts, assuming you are engaged in a business that has employees:

(a)     a general account in which all cash receipts shall be deposited; withdrawals from this account shall require the signature of an authorized officer; and

(b)     the payroll account, into which funds will be transferred from the general account; withdrawals from this account shall require the signature of an authorized officer.

It will be necessary to deposit into the payroll account all withholding, social security, unemployment, excise, sales, use or other taxes collected or received, withheld, for or on behalf of the United States, State of Nevada, State of California, or any political subdivision thereof.

Unfortunately, the requirement of two accounts is one which is seldom waived.  Since it may be necessary to have some flexibility, and since we may need a favor from the Court in the future, I would rather not "go back to the well" too often on a matter which is not absolutely critical to the administration of the estate.  [If you are not engaged in a business that has employees, then maintaining one (1) "debtor-in-possession" general bank account will be satisfactory with the Court.]

## UTILITIES

Your utility companies, upon receiving notification of the Chapter 11 case, will "close out" your accounts.  If at all possible, the utilities should be current when the case is filed.  The utility companies are not able to shut off service to you for non-payment of pre-petition accounts.  However, they are able to demand a deposit for continuation of service to you if you are delinquent upon filing.

Mechanical Technologies Corp. dba Alpine Air
September 6, 2019
Page 5

Pursuant to 11 U.S.C. §366(b), if you are not able to reach an agreement with the utilities within twenty (20) days after the date of filing, they may attempt to shut off service unless you pay the unreasonable high deposit which they may demand.

Pursuant to that same statute, however, we can petition the Court for a reduction in the size of the deposit which will be demanded by the utility service. It has been my experience that I can sometimes negotiate a reduced deposit or deposit terms which can be lived with.

## ORDINARY COURSE OF BUSINESS TRANSACTIONS

A debtor-in-possession is no longer required to obtain authorization from the Court to continue operating the business. It is presumed that the ordinary Chapter 11 case will involve a debtor-in-possession who is operating a business which existed pre-petition. However, for any new, major or serious business transactions, which are even arguably outside the ordinary course of business, it will be necessary to obtain prior authorization of the Bankruptcy Court. If you have any questions as to whether a particular transaction or change in the way you do business may be outside the ordinary course of business, please give me a call and we will discuss the matter. If, for instance, an entity should propose to buy the entire business, that matter would be subject to the approval of the Bankruptcy Court after appropriate notice and hearing; obtaining or paying back loans would in many cases also require Court approval.

## CASH COLLATERAL

Most deeds of trust have a provision for an assignment of rents. Rental income may, therefore, be cash collateral. Do not use any such income without Court approval. You must, immediately upon filing the Voluntary Petition, obtain the written consent of secured creditors, or alternatively, authorization from the United States Bankruptcy Court, pursuant to 11 U.S.C. §363(c)(2), to use or sell cash collateral interests in the accounts receivable, cash inventory, general intangibles and/or equipment now owned by MECHANICAL TECHNOLOGIES CORP. dba ALPINE AIR. Use of cash collateral, whether it is income from accounts receivable or rental income, without Court approval MAY RESULT IN PERSONAL LIABILITY OF THE RESPONSIBLE PARTY FOR THE DEBTOR-IN-POSSESSION FOR THE FUNDS USED.

## LEASEHOLD INTERESTS IN REAL PROPERTY

Most leasehold interests in real property terminate within one hundred twenty (120) days of filing the petition unless we take affirmative action. Make sure we discuss any real property interests of the estate long before the time has elapsed.

## OTHER

Other matters we will need to discuss are those connected with the payment of unsecured pre-petition debts (the general rule is, don't pay them). As to any unsecured pre-petition debts which you believe may cause a problem, please call me and we will discuss them. Payments of those amounts will normally require Court authorization. I will see if I can obtain such authorization. As to payment of post- petition amounts, these amounts should be paid promptly and in the ordinary course of business. Please contact me immediately if there is any question in your mind as to whether a particular

Mechanical Technologies Corp. dba Alpine Air
September 6, 2019
Page 6

payable is partially pre- and partially post-petition, and if so, how it should be dealt with. Further, do not pay any dividends to shareholders until all creditors' claims are paid in full according to a confirmed Plan of Reorganization.

You will need to comply with the normal paperwork and reporting requirements of State and Federal taxing authorities. For instance, W-2 forms for all employees must be completed and distributed in a timely fashion. The filing of a petition in bankruptcy does not obviate requirements of this nature. Other issues involving taxes may need to be discussed after complete information regarding your particular situation is gathered and analyzed, and more than likely, a tax accountant professional will be hired to perform the necessary work in filing tax returns.

Another matter which we will discuss at greater length after I have reviewed the Statement of Affairs, which you have filled out, is the issue of preferences. It is at least possible that certain of your creditors who were paid within ninety (90) days of the bankruptcy petition may be forced to disgorge those amounts back to the estate. However, this will require further discussion and analysis.

Another matter which will require discussion is the state of your insurance policies. It is necessary to maintain insurance on the property of the estate, so that no diminution of estate property may occur as a result of a fire or similar event. We will discuss this matter further. I will continue to keep you informed of the progress of the case. We will need to stay in fairly close communication. I hope this is a quickly concluded, successful reorganization.

<u>TRUSTEE'S FEES</u>

Since 1988, there has been a quarterly fee charged to Chapter 11 debtors, the purpose of which is to help defray the cost of operating the Bankruptcy Court system. The fee is based upon the quarterly disbursements of the Debtor in the following categories:

| DISBURSEMENT OF: | THE FEE, PER QUARTER, IS: |
|---|---|
| $14,999 or less | $325.00 |
| $15,000 to $74,999.99 | $650.00 |
| $75,000 to $149,999.99 | $975.00 |
| $150,000 to $224,999.99 | $1,625.00 |
| $225,000.00 to $299,999.99 | $1,950.00 |
| $300,000 to $999,999.99 | $4,875.00 |
| $1,000,000 or more | 1% of quarterly disbursements or $250,000, whichever is less |

The fee is payable on the last day of the calendar month following the calendar quarter for which the fee is owed. The requirement for a Debtor-in-Possession to pay the quarterly fee terminates upon the entry of an Order closing your Chapter 11 case or dismissing the case. Failure to pay the

Mechanical Technologies Corp. dba Alpine Air
September 6, 2019
Page 7

quarterly Trustee's fee within a timely fashion may result in the U.S. Trustee filing a MOTION TO
DISMISS OR CONVERT TO CHAPTER 7 the Chapter 11 proceeding. It will be your responsibility
to comply with the quarterly reporting requirements imposed by the Office of the U.S. Trustee.

Lastly, please be advised that HARRIS LAW PRACTICE LLC represents the legal interests
of MECHANICAL TECHNOLOGIES CORP. dba ALPINE AIR and the bankrupt estate in this
Chapter 11 proceeding, and not the legal interests of any individual officers, shareholders or other
insiders of the Debtor.

If you find that the foregoing constitutes a correct and complete statement of the agreement
under which you have retained HARRIS LAW PRACTICE LLC, please indicate your agreement in
the space provided below. Feel free to contact me regarding any questions you might have. Thank
you.

Very truly yours,

STEPHEN R. HARRIS, ESQ.

CONTENTS OF THIS RETAINER LETTER
READ, ACCEPTED AND ACKNOWLEDGED BY:

Dated this ___ day of September, 2019.    _____

JOHN F. DONOVAN, PRESIDENT of
MECHANICAL TECHNOLOGIES CORP.,
a Nevada corporation, dba ALPINE AIR